THE BOARD OF NATIONAL MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1026. Submitted July 22, 1938.—Decided July 28, 1938.

*Enrique Báez García* for appellant. The registrar did not appear.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Upon presentation for record in the Registry of Property of Aguadilla of a deed executed on May 6, 1930, before Notary Public Herminio Rodríguez Quiñones, by Joaquín Oronoz y Font, as Mayor of San Sebastián, and Angel Archilla Cabrera, as representative in Puerto Rico of the Board of National Missions of the Presbyterian Church in the United States of America, regarding a servitude of passage, the registrar entered the following decision:

"The present instrument is returned together with the enclosed certificate from the Municipality of San Sebastián, without making any entry thereof in the registry, for the following reasons: Because it can not be ascertained from the text of the contract embodied therein which is the servient and which is the dominant tenement, and it is thus impossible to assess the fees prescribed by subdivision 11 of the Schedule of Fees of the Registries of Property (see Act No. 32 of November 30, 1917); and because no official valuation of either tenement appears."

Feeling aggrieved by that decision, the said board took the present administrative appeal.

We have examined the instrument involved and, in our judgment, the same indicates which is the dominant and which is the servient tenement.

It is stated therein that the board owns a house standing on a lot that is recorded and adjoins another lot, belonging to the municipality, which is also recorded and on which the city hall stands; that on August 13, 1929, the board and the municipality entered into contract of servitude of passage which is transcribed and from which it appears "(1) that between the lot to be occupied by the City Hall and that on which the Presbyterian Church stands, in Pedro Feliciano Street of this city, lies an alley four meters wide, of which two meters pertain to each lot, and (2) that the parties have agreed to establish a mutual servitude of passage over said alley for the benefit of both parties, so that either party

is entitled to a right of way over the entire alley"; and that the contract was ratified by the Municipal Assembly by a resolution which had been submitted to the mayor pursuant to law and which was in force since the latter part of April 1938. The seventh clause of the deed reads as follows:

"As agreed upon, Don Joaquín Oronoz y Font, who appears before me in his capacity as Mayor of the Municipality of San Sebastián and in compliance with ordinance number fifteen, approved by the Municipal Assembly of San Sebastián on April 25, 1938, executes the present deed so as to enable 'The Board of National Missions of the Presbyterian Church in the United States of America', to record in the Registry of Property of Aguadilla the said contract of servitude of passage over the tenements described in the First and Third paragraphs of this deed, in accordance with the stipulations of the contract approved on August 13, 1929, and literally transcribed in the Fifth paragraph of the present deed, it being expressly agreed that as regards the right of way conferred on the Municipality the land belonging to 'The Board of National Missions of the Presbyterian Church in the United States of America' shall be considered as the servient tenement, and as regards the right of way conferred on 'The Board of National Missions of the Presbyterian Church in the United States of America' the land belonging to the Municipality shall be considered as the servient tenement, so that both tenements shall be mutually dominant and servient."

The instrument speaks for itself and we have nothing to add thereto. The land of the board is the dominant tenement and that of the municipality is the servient tenement with respect to the two-meter strip owned by the municipality in the four-meter alley described in the deed, and the land of the municipality is the dominant tenement and that of the board is the servient tenement respecting the two-meter strip owned by the board in the said alley.

■ Let us consider the other ground of the said decision. The law provides for the collection of certain fees by registrars. A registrar can not make any entry in his books without assessing and collecting said fees for the People of Puerto Rico, unless otherwise provided by law. The assessment is made taking into account the value of the estates

involved. As regards servitudes it is expressly provided in subdivisions 11 and 12 of section 22 of Act No. 32 of 1917 (Session Laws, vol. II, p. 308), as follows:

"Section 22.—The schedule of fees to be paid hereafter for the services of the registrars of property by the affixing and cancelling of proper internal-revenue stamps, as herein provided, shall be as follows:

"*    *    *    *    *    *    *

## "NUMBER ELEVEN

"The fees to be exacted for inscription, or entries and marginal notes of servitudes shall be five (5) per cent of the value thereof, according to the official assessment of the dominant property, for each inscription or annotation of said servitudes made on the servient property. For the inscription or entry made on the dominant property of the aforesaid servitudes, fees shall be collected according to the official assessment of the servient property.

## "NUMBER TWELVE

"If the value of a property or right should not appear in the title, the charge shall be in the official valuation of the estate for purposes of taxation."

The board urges that it did not and could not furnish the registrar with any official valuation because there was no such valuation, and cites in this connection subdivision (b) of section 291 of the Political Code (section 2943 of the Compilation of 1911) which provides for the exemption from taxation of the property of municipalities devoted to public use, such as is the lot on which the city hall of San Sebastián stands; section 2 of Joint Resolution No. 10 of April 11, 1933, (Session Laws, p. 640) which exempts all municipalities of this Island and the Government of the Capital from the payment of notarial fees or registration fees in registries on any document to be executed by them; and subdivision (e) of section 291 of the Political Code, as amended by Act No. 76 of March 14, 1912, (Session Laws, p. 120), which provides as follows:

"The following property shall be exempt from taxation:

" (a)    .      .      .      .      .      .      .

"

" (e) Every building used and set apart exclusively for religious worship, and the pews and furniture within the same; every building set apart for masonic lodge or used for educational, literary, scientific, or charitable purposes, and the furniture, appliances, and apparatus appurtenant thereto; and every tract of land, not exceeding five cuerdas in extent, upon which such building or buildings is or are situated; *Provided,* That such grounds and buildings are not leased or otherwise used with a view to the pecuniary profit of either the lessor or lessee."

Therefore, as both tenements were exempt from taxation, it was not necessary to assess them officially for taxation purposes, such assessment being ordinarily the official valuation taken as a basis for the collection of the fees fixed by the schedule applicable to registries of property.

Such being the case, the appellant suggests that the proper course for the registrar would have been to avail himself, for the purpose of determining the fees, of the basis furnished by the registry itself which showed the price paid by the board for its property, or else to follow the procedure prescribed by article 424 of the Mortgage Law Regulations, although the same has been repealed, to wit: to require from the parties concerned an affidavit as to the value of the properties, but never to return the paper without making any entry in the registry on the grounds set forth in his decision. In support of such a suggestion the appellant invokes section 7 of the Civil Code which provides:

"When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."

We think, indeed, that as there is involved herein a lawful contract duly executed, it must be held that the same is recordable and should be recorded for the benefit of the

parties thereto and of third persons in the proper registry of property, and in such a case, there being no official assessment for taxation purposes which might be taken as the value of the property for the purpose of applying the proper schedule of fees, the registrar can and must rely on the value of the tenements as shown by the latest recorded contracts concerning them, and if he has reason to doubt the fairness of such appraisal, either because of the time elapsed, or because of changes in the market value or owing to some other circumstance, or if the value does not appear of record, he can then demand the affidavit required under the former practice.

Therefore, the decision appealed from should be reversed and the case remanded to the registrar for further proceedings in accordance with our statements and holding herein.

Mr. Justice De Jesús took no part in the decision of this case.